**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

CARDIGAN HODGE

   Plaintiff

          v.

ROBLEX AVIATION, INC.; ROBERTO E. RODRIGUEZ

   Defendants

Civil No. 09-1445 (SEC)

**OPINION AND ORDER**

Pending before the Court is Defendants Roblex Aviation, Inc. ("Roblex") and Roberto E. Rodríguez's ("Rodríguez") (collectively "Defendants") motion for reconsideration (Docket # 42), and Plaintiff Cardigan Hodge's ("Plaintiff" or "Hodge") response thereto (Docket # 43). After carefully considering the filings, and the applicable law, Defendants' motion is **DENIED**.

**Standard of Review**

FED. R. CIV. P. 59 (e) allows a party, within ten (10) days of the entry of judgment, to file a motion seeking to alter or amend said judgment. The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004) (citations omitted). In exercising that discretion, courts must balance the need for giving finality to judgments with the need to render a just decision. Id. (citing Edward H. Bolin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993)). Despite the lack of specific guidance by the rule on that point, the First Circuit has stated that a Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence." F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). Rule 59(e) may not, however, be used to raise arguments that could and should have been presented before judgment was entered, nor to advance new legal theories. Bogosonian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir.

2003).

**Factual and Procedural Background**

The facts and procedural background of this case are set forth in our Opinion and Order issued on July 20, 2010. See Docket # 41. In the previous Opinion, this Court denied Defendants' request for summary judgment, based in part on their non-compliance with FED. R. CIV. P. 56 and Local Rule 56. In requesting reconsideration, Defendants object to several of this Court's findings. First, they argue that Roberto Rodriguez's ("Rodriguez") unverified statement was improperly disregarded by this Court while Plaintiff's unsworn statement was considered when ruling on the motion for summary judgment. They further contend that the documents provided in support of their motion are business records which fall withing the exceptions to the hearsay rule as set forth in FED. R. EVID. 803(8). According to Defendants, Plaintiff also improperly included "additional paragraphs" when opposing their motion. Lastly, Defendants proffer that they were unable to provide certified English translations of certain exhibits related to Plaintiff's COBRA claims due to time constraints.

This Court first notes that Rodriguez's statement was not disregarded because it was unverified, but because it was submitted as an attachment to Defendants' reply.[1] It necesarily follows that, in their motion for summary judgment, Defendants did not provide specific record citations to a document which was filed over two months after the motion it purported to support. Moreover, even in their reply, Defendants did not specify the paragraph number in Rodriguez's statement which supported their reply statements.

Second, our Opinion clearly states that "additional facts provided by Plaintiff when denying or qualifying Defendant's SUF must be disregarded by this Court. Notwithstanding, 'Plaintiff's Additional Relevant Facts' at Docket # 22-2 are deemed admitted when properly supported." Docket # 41, p.6. As therein stated, Local Rule 56(c) allows the non-moving party

---

[1] An unsworn statement is sufficient for summary judgment purposes. See Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 689-90 (1st Cir. 1993).

3

to include additional facts when opposing a motion for summary judgment. However, such facts must be in a separate section, set forth in separate numbered paragraphs, and supported by a specific record citations. Accordingly, this Court only considered the properly supported additional facts set forth by Plaintiff in the separate section of their opposition.

Third, although records of regularly conducted activity fall within the hearsay exception provided under FED. R. EVID. 803(6), they must be properly authenticated under FED. R. EVID. 901 or 902. Rule 901(b) provides examples of authentication conforming under said rule, and provides that records of regularly conducted activity are properly authenticated when the record "is accompanied by a written declaration of its custodian or other qualified person..." In the present case, there was no deposition statement, affidavit, or even an unsworn statement, from a custodian or qualified person authenticating the documents submitted in support of Defendants' motion for summary judgment. Moreover, as previously stated, a statement filed over two months after the motion for summary judgment, which is not specifically cited in said motion, is insufficient under Rule 56 and Local Rule 56.

Finally, Defendants' failure to file certified English translations of their exhibits due to alleged time constraints is inexcusable. Local Rule 5(g) requires that all documents not in the English language which are presented or filed in this Court shall be accompanied at the time of filing by a certified English translation. Notwithstanding, a party may move for permission to file the same in Spanish, and request an extension of time to file the translations at a later time. However, Defendants did not move for either course of action, and instead proffer that "if this Honorable Court deems necessary, [they] shall have the same translated forthwith." At this juncture, their request is irremediably late.

It is well-settled that the procedural rules regarding summary judgment "are meant to ease the district court's operose task and to prevent parties from unfairly shifting the burdens of litigation to the court." Cabán-Hernández v. Phillip Morris USA, Inc., 486 F.3d 1, 8(1st Cir. 2007). The First Circuit has repeatedly held that when the parties ignore the Local Rules, they do so at their peril. See Ruiz-Rivera v. Riley, 209 F. 3d 24, 28 (1st Cir. 2000).

4

Lastly, this Court notes that the Opinion is solely based on the facts deemed uncontested for purposes of summary judgment. Thus the denial of Defendants' motion for summary judgment does not exempt Plaintiff from proving his case during trial, or prevent Defendants from setting forth admissible evidence during trial to rebut Plaintiff's testimony.

**Conclusion**

Based on the foregoing, Defendants' motion for reconsideration is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of August, 2010.

*S/Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge